<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., *as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4*, | Civil Action No. 13-07232 (SRC) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| LILIANA BERTEA, TUDOR BERTEA, and OPTION ONE MORTGAGE CORPORATION, | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

      This is a state law mortgage foreclosure action that in the ordinary course would have no business in federal court.  Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") is, by virtue of assignment, the owner and holder of a note and purchase money mortgage executed by Defendants Liliana Bertea and Tudor Bertea ("Liliana" and "Tudor")[1] to secure the purchase of a residence in Bergen County, New Jersey.  On October 11, 2013 Plaintiff filed its foreclosure complaint in the Superior Court of New Jersey, Chancery Division, and Tudor thereafter filed a Notice of Removal in this Court on his behalf only.  [Docket Entry 1.]  The removal is on the grounds of complete diversity – to wit, the Notice of Removal alleges that Plaintiff is a Maryland citizen, Liliana and Tudor are New Jersey citizens, co-Defendant Option One Mortgage Corporation ("Option One") is a California citizen, and the amount in controversy exceeds the jurisdictional minimum.

---

[1] The Court uses given names out of necessity, and no disrespect to either Defendant is intended. The relationship between Liliana Bertea and Tudor Bertea is unclear from the record.

The Court is thus satisfied that it has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a). Notwithstanding jurisdiction, however, the removal was defective. First, 28 U.S.C. § 1441(b)(2) – the so-called "forum defendant rule" – bars removal by a defendant who is a "citizen of the State in which such action is brought," and by his own Notice of Removal Tudor avers he is a citizen of New Jersey. It is of no moment that Tudor states in his Notice that he was never served with the Complaint. See Fields v. Organon USA, Inc., Civil Action No. 07-2922 (SRC), 2007 WL 4365312, at *5 (D.N.J. Dec. 12, 2007) ("a forum defendant cannot remove to federal court even if the forum defendant has not been 'properly joined and served'"). Moreover, the Notice of Removal does not state that Liliana or co-Defendant Option One have joined in the removal, thus contravening the well-established rule that "removal generally requires unanimity among the defendants." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (quoting 28 U.S.C. § 1446(a)).[2] But for reasons of strategy or otherwise, Plaintiff has waived its opportunity to seek remand on the basis of either of these defects in removal procedure. See Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995) (holding that violation of the forum defendant rule "must be the subject of a motion to remand within 30 days after filing the notice of removal" (citing 28 U.S.C. § 1447(c)); Balazik, 44 F.3d at 213 ("Failure of all defendants to join is a 'defect in removal' procedure within the meaning of § 1447(c), but is not deemed to be jurisdictional.").

Instead, Plaintiff now moves to dismiss the New Jersey Consumer Fraud Act and federal Fair Debt Collection Practices Act counterclaims pleaded by Tudor in his Answer. [Docket

---

[2] The Court notes that the "unanimity rule may be disregarded . . . when a non-resident defendant has not been served at the time the removing defendants filed their petition." Balazik, 44 F.3d at 213 n.4 (citing Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir. 1985)). Even assuming this exception applies to Defendant Option One, which is a California citizen, it does not excuse Tudor's failure to seek consent for removal from Liliana, a New Jersey resident.

Entry 5.] Plaintiff's basic argument as to both causes of action is the same – the facts pleaded in the Answer are simply too conclusory and generalized to satisfy the plausibility pleading standard established by the Supreme Court's Twombly and Iqbal decisions, and the counterclaims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Mov. Br. at 5, 8.) The Court agrees, and both counterclaims will be dismissed.

The only factual allegations pleaded in the Answer with respect to the New Jersey Consumer Fraud Act ("CFA") claim are reproduced in full as follows:

> These violations [of the CFA] include but are not limited to the Counter Defendant, Counter Defendant's predecessors in interest, and/or Counter Defendant's successors in interest: (a) failing to apply payments in accordance with loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price options; (e) imposing charges or legal fees and costs; and/or (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities.

(Answer at 3-4.) Given that CFA complaints must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007), these allegations are woefully deficient. And that is before the Court considers the use of "and/or," which would indicate that Tudor is unsure of exactly what wrongful conduct occurred and is just covering his bases. The Court need not belabor the point, but it suffices to say that the paragraph of facts reproduced above fails to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." Frederico, 508 F.3d at 200 (internal quotation omitted); see also In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276 (3d Cir. 2006) ("Rule 9(b) requires, at a

minimum, that plaintiffs support their allegations of . . . fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue.").

The Fair Debt Collection Practices Act ("FDCPA") claim fares no better. Among other things, the FDCPA prohibits "debt collectors" from making a "false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A). The Answer's sole factual assertion in support of its FDCPA claim parrots this statutory language by alleging the conclusory statement that Plaintiff "is attempting to collect a debt from [Defendant Tudor] in an amount that is greater than the amount that the Counterclaimant might owe." (Answer at 5.) This type of allegation, unsupported by other facts, is nothing more than a "conclusory statement" in support of a "[t]hreadbare recital[] of the elements of a cause of action" which does not suffice to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Both the CFA and FDCPA claims will therefore be dismissed. The dismissal will be without prejudice to Tudor filing an amended Answer to rectify his deficiently pleaded claims. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("if a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile"). The Court notes that Plaintiff makes two further arguments in support of dismissal which, if meritorious, would require the FDCPA claim to be dismissed with prejudice. Namely, Plaintiff contends that (1) it is not a "debt collector" within the ambit of the statute, and (2) that the FDCPA claim is untimely. Both of these arguments must be rejected because they rely on facts – *e.g.*, those describing the foreclosure proceeding and when the subject loan was executed and modified – that are pleaded in the Complaint, a

4

document this Court cannot consider on a Rule 12(b)(6) motion to dismiss counterclaims.  See Kisby Lees Mechanical LLC v. Pinancle Insulation, Inc., Civil No. 11-5093 (JBS), 2012 WL 3133681, at *4 (D.N.J. July 31, 2012).

  Thus, the Court sees no legal basis to prevent Tudor from amending his Answer in an attempt to state plausible counterclaims, should he so choose.  If in response to an amended Answer Plaintiff wishes to contend it is not a "debt collector" for purposes of the FDCPA, Plaintiff may do so in a motion pursuant to Rule 56.  If Plaintiff wishes to assert the affirmative defense of untimeliness, it may do so pursuant to the same motion or, if the defense is apparent on the face of the amended pleading, pursuant to a renewed motion to dismiss.  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) ("if a statute of limitations 'bar is not apparent on the face of the complaint, than it may not afford the basis for a dismissal of a complaint under Rule 12(b)(6)'" (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978))).

  Finally, the Court must address Plaintiff's request – which is advanced without citation to legal authority – to strike the affirmative defenses pleaded by Tudor in his Answer.  (See Mov. Br. at 9.)  A motion to strike affirmative defenses under Rule 12(f) is "highly disfavored" and only ever granted on a showing that the defenses somehow "prejudice" the movant.  See F.T.C. v. Hope Now Modifications, LLC, Civil No. 09-1204 (JBS), 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011).  No such showing is attempted here, and Plaintiff's request to strike Tudor's affirmative defenses will be denied.

  Accordingly,

  **IT IS** this 12th day of May, 2014,

5

**ORDERED** that the motion to dismiss counterclaims filed by Plaintiff Wells Fargo, N.A. [Docket Entry 5] be and hereby is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request to strike the affirmative defenses pleaded by Defendant Tudor Bertea in his Answer be and hereby is **DENIED**; and it is further

**ORDERED** that the counterclaims asserted by Defendant Tudor Bertea in his Answer [Docket Entry 2] be and hereby are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant Tudor Bertea shall have thirty (30) days from the entry of this Opinion and Order within which to file an amended Answer that remedies the pleading deficiencies described herein.

                                                  s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                           United States District Judge