NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., *as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4*, | : : : : : | Civil Action No. 2:13-CV-7232 (SRC) |
| Plaintiff, | : : | OPINION |
| v. | : : |  |
| LILIANA BERTEA, TUDOR BERTEA, and OPTION ONE MORTGAGE CORPORATION, | : : : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo") to dismiss the Amended Counterclaims filed by Defendants Tudor and Liliana Bertea ("Defendants"). Defendants oppose the motion. The Court has considered the parties' submissions. Largely for the reasons stated in the Court's earlier opinion dismissing Defendants' counterclaims without prejudice, the Court will grant the motion.

**I.    BACKGROUND**

   **A.  Factual History**

This matter involves borrowers' claims against a foreclosing bank. On December 22, 2006, Defendants signed a mortgage and note to secure four-hundred-thousand dollars to purchase a home in Cresskill, New Jersey. Later, in October 2007, the lender assigned

1

Defendants' mortgage to another entity, and then in March of 2012, that entity assigned the loan to Wells Fargo.

Under the terms of the mortgage loan, Defendants had to make monthly payments from February 2007 until January 2037, or until the mortgage was paid off. On January 1, 2013, however, Defendants failed to make a mandatory payment.

Wells Fargo declared Defendants in default on February 1, 2013. It gave Defendants notice of its intent to foreclose on the property. Defendants claim that in September of that year, they requested that Wells Fargo provide basic information on the loan's history, including the amount Defendants owed. Defendants assert that they never received any such information, and that accordingly, they did not know who truly owned their mortgage debt.

### B. Procedural History and Plaintiff's Motion to Dismiss

On October 11, 2013, Wells Fargo filed a foreclosure action against Defendants in New Jersey Superior Court. Defendants then removed the case to federal court.[1] Shortly thereafter, Defendants answered the Complaint and asserted numerous Counterclaims against Wells Fargo.

Wells Fargo moved to dismiss Defendants' Counterclaims in January 2014; Defendants opposed the motion. In May 2014, this Court granted the motion to dismiss without prejudice. The Court found Defendants' Counterclaims to be "woefully deficient" in specificity, yet it allowed them time to supplement their allegations with additional factual support. On June 11, 2014, Defendants filed an Amended Answer and Counterclaims.

---

[1] Federal jurisdiction rests upon complete diversity. Plaintiff is a Maryland citizen; Defendants are New Jersey citizens; Co-Defendant Option One Mortgage Corp. is a California citizen; and the amount in controversy exceeds the jurisdictional minimum. For reasons discussed in this Court's first opinion in this case [docket entry 11], removal appears to have been defective. Yet for reasons also expressed in that opinion, those defects were not jurisdictional, and the other parties did not seek to remand.

On June 30, Plaintiff moved to dismiss the Amended Counterclaims. It asserts that Defendants have failed to state a claim upon which relief can be granted. Plaintiff urges that Defendants' allegations lack factual support. Defendants opposed the motion on August 4th. They claim that they have adequately highlighted violations of various governing provisions.

II. DISCUSSION

A. Motions to Dismiss

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the non-movant, a court finds the claims facial plausible. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). This means that the complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. Id. at 1965; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to it, matters of public record, and undisputedly authentic documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

As part of its determination, the Court will identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 680).  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Iqbal, 556 U.S. at 679.  It is through this lens that the Court will assess Defendants' counterclaims.

### B.  The CFA

Mortgage servicers are among those governed by the New Jersey Consumer Fraud Act ("the CFA").  See Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 577-578 (2011).  A consumer seeking to sustain a cause of action under the CFA must allege the following elements: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements[.]"  Parker v. Howmedica Osteonics Corp., 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008).

Significantly, CFA plaintiffs must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).  "The level of particularity required is sufficient details to put Defendants on notice of the precise misconduct with which they are charged."  Smajlaj v. Campbell Soup Co., 782 F.Supp.2d 84 (D.N.J. 2011) (internal citation and quotation marks omitted).  Plaintiffs may satisfy this requirement by alleging "the date, time, or place" of the alleged misconduct.  See Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004).

Here, Defendants claim that Plaintiff violated the CFA by:  "(a) failing to apply payments in accordance with the loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price

opinions; (e) imposing charges or legal fees and costs; (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities; and/or (g) misrepresenting the identity of the real party in interest that has the lawful right to enforce the Counterclaimant's mortgage loan." Defendants further charge that these tactics served to inflate the balance of the loan.

The Court notes at the outset that these allegations largely mirror those which were earlier dismissed for lacking specificity. The Amended Counterclaims, in essence, delineate applicable regulations, and then assert that Wells Fargo has violated them. Such a tactic falls far short of the applicable pleading standard just reviewed. Similar to their initial counterclaims, Defendants fail to specify what exactly Wells Fargo did, or failed to do, to violate the law. Their pleadings are without the who, what, where, and why, i.e., that which "would accompany the first paragraph of any newspaper story," as is required. In re Suprema Specialties Sec. Litig., 438 F.3d 256, 276 (3d Cir. 2006) (describing level of detail needed under Rule 9(b)).

Defendants' most specific allegations pertain to a Pooling and Servicing Agreement ("PSA"), which governed the securitization of their mortgage loan. Defendants claim that Plaintiff failed to satisfy the PSA's documentary and timing requirements. This claim fails for two main reasons. First, Defendants again fail to assert with specificity what conduct exactly violated the PSA. Second, more importantly, it appears that Defendants lack standing to challenge such violations. See HSBC Bank USA v. Gomez, 2013 WL 105303, at *8 (N.J. App. Div. Jan. 10, 2013) (finding foreclosure debtors lacked standing to challenge violation of lenders' PSA); In Re: Walker, 466 B.R. 271, 284-285 (E.D. Pa. 2012) (finding borrower neither party nor third-party beneficiary to PSA); Ware v. Deutsche Bank Nat'l Trust Co., 75 So. 3d 1163 (Ala. 2011).

The CFA counterclaims are deficient in light of other considerations as well. Even if Defendants had standing to challenge the assignment of their debt, see generally Adams v. Madison Realty & Development, 853 F. 2d 163 (3d Cir. 1988), that which serves as a defense against foreclosure does not necessarily state a CFA violation. In other words, not every error in the transfer of a mortgage loan constitutes consumer fraud recoverable by the borrower. Such errors, moreover, would not necessarily void Plaintiff's interest in collecting on the loan. See Rajamin v. Deutsche Bank Nat. Trust Co., 2014 WL 2922317, at *7 (2d Cir. June 30, 2014) ("[T]he weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void.").

Irrespective of any of these points of substantive law, it remains that Defendants have failed to plead with specificity (1) Plaintiff's unlawful conduct; (2) Defendants' "ascertainable loss"; and (3) a causal nexus between the two; accordingly, it has not stated a CFA violation. Parker, 2008 WL 141628, at *2.

**C. The FDCPA**

Defendants' efforts to plead a claim under the Fair Debt Collection Practices Act ("the FDCPA") suffer from similar vagueness. The FDCPA prohibits "debt collectors" from making a "false representation of . . . the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). To recover for a violation of the FDCPA, a claimant must state, among other things, a discrete act that violated plaintiff's rights. See Kimmel v. Phelan Hallinan & Schmieg, 847 F. Supp. 2d 753, 769-70 (E.D.P.A. 2012) (criticizing plaintiff's boilerplate allegations of wrongdoing, requiring plaintiff to put defendants on notice of the claim, and asserting that

6

plaintiff cannot simply "enumerate[e] a laundry list of statutory provisions that a defendant allegedly violated.").

Here, Defendants have failed to allege discrete acts. Instead, again, Defendants' Amended Counterclaim lists rules under the FDCPA, and then conclusorily states that Plaintiff is trying to collect a debt larger than what is owed and to collect a debt without the right to do so. Defendants cannot simply "name laws" that Plaintiff allegedly violated. Anderson v. U.S. Dept. of Hous. and Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). The Court must discount bald statements like these which lack supportive facts. Iqbal, 556 U.S. at 678-80; see also Delbridge v. Office of Pub. Defender, 238 N.J. Super. 288, 314 (App. Div. 1989) ("Complaints cannot survive a motion to dismiss where the claims are conclusory or vague and unsupported by particular overt acts.").

The Court earlier rejected Defendants' FDCPA claims, and with scant if any factual support now added, Defendants have failed to cure the deficiencies.

### III.  CONCLUSION

For the reasons above, the Court will grant Plaintiff's motion, dismissing Defendants' Amended Counterclaims with prejudice. An appropriate Order will be filed.

          s/ Stanley R. Chesler  
         STANLEY R. CHESLER  
       United States District Judge

Dated:  November 10, 2014