<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., *as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4*, | : : : : : | **Civil Action No. 2:13-CV-7232 (SRC)** |
| Plaintiff, | : : | **OPINION** |
| v. | : : |  |
| LILIANA BERTEA, TUDOR BERTEA, and OPTION ONE MORTGAGE CORPORATION, | : : : : |  |
| Defendants. | : : |  |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon the motion filed by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo") to strike the affirmative defenses of Defendants Tudor and Liliana Bertea ("Defendants") and to transfer this matter to New Jersey Superior Court. Defendants failed to oppose the motion. The Court has considered Plaintiff's submissions and proceeds to rule without oral argument. For the reasons stated in this Opinion, the Court will grant Plaintiff's motion to strike Defendants' affirmative defenses, and will deny Plaintiff's motion to transfer the action to New Jersey Superior Court.

**I.   BACKGROUND**

   **A. Factual and Procedural History**

This is a foreclosure action. The Court reviewed the background of this case in two earlier opinions [docket entries 11, 19], but will briefly recount it again here. In December of

1

2006, Defendants signed a home mortgage.  In March of 2012, Defendants' mortgage loan was assigned to Wells Fargo.  In January of 2013, Defendants failed to make a required mortgage payment and soon defaulted on the loan.

In October of 2013, Wells Fargo filed a foreclosure action against Defendants in New Jersey Superior Court.  Defendants removed the case to this Court.[1]  Defendants answered the Complaint and asserted numerous counterclaims against Wells Fargo.

In May 2014, this Court granted a motion by Plaintiff to dismiss Defendants' counterclaims.  The Court found the counterclaims "woefully deficient" in specificity, yet it granted Defendants leave to supplement their allegations with additional factual support.  On June 11, 2014, Defendants filed an Amended Answer and Counterclaims.

On June 30, Plaintiff moved to dismiss the amended counterclaims.  The Court granted the motion with prejudice.  The Court found that Defendants' amended counterclaims "fail[ed] to specify what exactly Wells Fargo did, or failed to do, to violate the law . . . . [and lacked] the who, what, where, and why [] which would accompany the first paragraph of any newspaper story, as is required."  [Docket entry 19 (internal citations and quotation marks omitted)].

Plaintiff soon moved for the Court to remand the action to state court as an uncontested foreclosure.  The Court denied the application, noting that the dismissal of Defendants' counterclaims did not alter the basis for subject matter jurisdiction.  The Court added, "The parties are directed to proceed with the litigation."  [Docket entry 22].

---

[1] For reasons discussed in this Court's first opinion in this case [docket entry 11], removal appears to have been defective.  Yet for reasons also expressed in that opinion, those defects were not jurisdictional, and the other parties did not seek remand.

**B. Defendants' Failure to Participate in the Litigation**

Despite the Court's instruction that the parties "proceed with the litigation," from that point forward it appears that Defendants stopped participating in the case. On December 16, 2014, Judge Waldor issued a pretrial scheduling order directing that discovery was due by March 31, 2015, and advising the parties that the "failure to comply with the terms of this order or any subsequent scheduling orders . . . may result in sanctions." [Docket entry 23]. Plaintiff asserts that discovery has not taken place, and it submits to the Court the 2014 discovery requests that it made to Defendants and to which Defendants never responded.

In late December of 2014, Defendants' attorney moved to withdraw as counsel. His motion was based on Defendants' "failing to pay legal fees and failing to cooperate in the discovery process." [Docket entry 24]. In a letter granting that motion, Judge Waldor ordered that "Defendants shall appear before this Court [] on February 26 at 10:00 AM . . . [and] shall have thirty (30) days to advise this Court whether they intend to obtain new counsel or proceed pro se." [Docket entry 25]. Defendants' withdrawing counsel sent a copy of this letter to Defendants via certified mail. [Docket entry 26].

Defendants failed to appear or respond to Judge Waldor's Order. Accordingly, on March 27, 2015, Judge Waldor issued the following text order: "Based on Defendants' failure to appear or otherwise respond regarding this Court's Order . . . it is hereby ORDERED that Defendants appear and show cause . . . [on] 4/13/15 at 1:00 p.m. as to as to their failure to appear or respond." [Docket entry 27]. Plaintiff's counsel forwarded a copy of this order to Defendants' last known address via certified mail and provided a copy of that mailing and tracking information to the Court; the mailing was returned to sender. Defendants failed to appear for the April 13, 2015 Order to Show Cause hearing.

On July 8, 2015, Plaintiff filed the instant motion, asking the Court to strike Defendants' affirmative defenses and transfer the case back to New Jersey Superior Court.  Defendants' opposition to Plaintiff's motion was due on July 20, 2015; no submission was made.  On July 24, 2015, the Court issued a letter to Defendants informing them that their opposition was past-due, and stating that the Court would give them an extension until August 14, 2015, to file papers.  It further informed Defendants, "If you fail to file a submission by that date, Wells Fargo's motion will be deemed unopposed and will be decided based on its submission."  [Docket entry 29].  To date, Defendants have not submitted opposition or contacted the Court.

## II.   DISCUSSION

### A.  Motion to Transfer

Plaintiff moves to transfer this case back to New Jersey Superior Court.  The Court must deny this application because there is no basis for concluding that the Court now lacks subject matter jurisdiction over the case.  As explained in this Court's December 3, 2014 letter, the Court's decision to strike Defendants' counterclaims did not "undermine the basis for federal subject matter jurisdiction, which was not premised on the existence of [Defendants'] affirmative counterclaims."  [Docket entry 22].  Instead, federal jurisdiction rests upon complete diversity.  Plaintiff is a Maryland citizen; Defendants are New Jersey citizens; Co-Defendant Option One Mortgage Corp. is a California citizen; and the amount in controversy exceeds the jurisdictional minimum.  Accordingly, Plaintiff must proceed in this forum.

### B.  Motion to Strike

Plaintiff also moves to strike Defendants' affirmative defenses.  Defendants pleaded four affirmative defenses.  The entirety of those pleadings is as follows:

4

>   1. Plaintiff has failed to mitigate its damages, if any.
>   2. Plaintiff's claims are barred by the doctrine of estoppel.
>   3. Plaintiff's claims are barred by the doctrine of unclean hands.
>   4. Plaintiff has failed to comply with the Fair Foreclosure Act of New Jersey[.]

[Docket entry 12].

For the reasons that follow, the Court will strike these defenses.

In support of its motion, Plaintiff cites to Federal Rule of Civil Procedure 41(b). That rule, however, governs the dismissal of claims and actions. The Court will treat Plaintiff's motion instead as a motion to strike under Federal Rule of Civil Procedure 37, because in essence, Plaintiff seeks to strike Defendants' defenses as a sanction for failing to comply with discovery deadlines and other orders from the Court. Federal Rule of Civil Procedure 37(b)(2)(A)(iii) authorizes the Court to strike a party's "pleadings in whole or in part" for failing to comply with the Court's discovery orders.

Before imposing a Rule 37 sanction that will effectively dispose of the case or pave the way for default judgment, the Court must assess six factors laid out by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984). See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) ("[W]e have required a Poulis analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party."). The Poulis analysis calls on the Court to consider:

>   (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

[Poulis, 747 F.2d at 868].

5

Here, these factors weigh in favor of striking Defendants' affirmative defenses.  First, Defendants are personally responsible for the failure to comply with the Court's orders or to otherwise participate.  Defendants' attorney withdrew as counsel expressly because, in part, Defendants were "failing to cooperate with the discovery process."  [Docket entry 24].  The Court notified Defendants of their counsel's termination and instructed them to notify the Court if they planned to proceed pro se.  [Docket entry 25].  Defendants failed to contact the Court, or to respond to any of the Court's subsequent orders.

Second, Defendants' failure to cooperate with discovery prejudices Plaintiff.  Wells Fargo has gone a number of years without receiving payments on a lawful mortgage loan obligation, and it has been unable to effectively seek judicial relief due to Defendants' inaction.  Third, Defendants have displayed a consistent history of dilatoriness.  As reviewed extensively above, that history includes:  Failing to comply with Judge Waldor's December 16, 2014 pretrial scheduling order or Plaintiff's discovery requests [docket entry 23; docket entry 28, Ex. C]; failing to respond to Judge Waldor's order that Defendants appear on February 26, 2015 and advise the Court as to whether they were seeking new counsel [docket entry 25]; failing to appear for the April 13, 2015 order to show cause hearing [docket entry 27]; and failing to respond to Plaintiff's instant motion.

The fourth factor does not weigh heavily in this analysis.  The Court cannot conclusively determine whether Defendants' deficiencies amount to willful bad faith, although Defendants' extensive history of unresponsiveness suggests, at best, neglect.  Fifth, alternative sanctions appear inapt.  The preferable sanction of monetary fines would serve as an ineffective option given that Defendants failed to pay their attorney, causing his withdraw, and failed to make any payments owed on the mortgage loan that underlies this dispute.  Last, the Court is satisfied that

Defendants' affirmative defenses lack merit.  The Court has twice dismissed Defendants' counterclaims for lacking any factual support or specificity, and the same fundamental problems can be found in Defendants' affirmative defenses.  As quoted above, the affirmative defenses amount to no more than bare recitations of theories of relief, without any factual allegations in support of those theories.

All told, the Court finds the vast majority of the six factors to weigh toward granting the requested sanction.  The record reflects, in essence, that Defendants have abandoned any effort to actively litigate any issue before the Court.  Defendants have unequivocally demonstrated a consistent failure to respond either to Plaintiff or to the Court.

### III.  CONCLUSION

For the reasons above, the Court will deny Plaintiff's motion to remand the action to New Jersey Superior Court, and will grant Plaintiff's motion to strike Defendants' affirmative defenses.  An appropriate Order will be filed.

                                              s/ Stanley R. Chesler
                                           STANLEY R. CHESLER
                                           United States District Judge

Dated:  August 19, 2015