<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET BACKED CERTIFICATES SERIES 2007-4, | : : : : : : : : : : : : : | Civil Action No. 13-7232 (SRC)(CLW) OPINION |
| Plaintiff, v. |  |  |
| LILIANA BERTEA, TUDOR BERTEA, et al., |  |  |
| Defendants. |  |  |

<u>CHESLER</u>, District Judge

This matter comes before the Court upon Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") motion for summary judgment against Defendants Liliana Bertea and Tudor Bertea ("the Bertea Defendants") [Docket Entry 36]. The Bertea Defendants have not opposed the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Plaintiff's motion for summary judgment, but will deny Plaintiff leave to pursue the matter as an uncontested foreclosure in New Jersey state court.

**I.   BACKGROUND**

The Court has recounted the facts of this case in multiple prior opinions and orders [Docket Entries 11, 19, 22, 31], but will briefly review the uncontested facts again. This is a mortgage foreclosure action. In December 2006, the Bertea Defendants signed a promissory

1

note and mortgage related to the purchase of a home in Cresskill, New Jersey. (SUF ¶ 1.) The Bertea Defendants' mortgage was assigned twice: in January 2007 to Option One Mortgage Corporation (a co-Defendant in this action), and in March 2012 to Plaintiff. (SUF ¶¶ 3-6.) The Bertea Defendants failed to make a required mortgage payment in January 2013, and Plaintiff declared the Bertea Defendants to be in default in February 2013. (SUF ¶¶ 7-8.) In October 2013, Plaintiff filed a foreclosure action against the Bertea Defendants and Option One Mortgage Corporation in New Jersey Superior Court. (SUF ¶ 13.) The Bertea Defendants removed the case to this Court, answered the Complaint, and asserted counterclaims against Plaintiff [Docket Entry 1]. The Court granted Plaintiff's motion to dismiss the Bertea Defendants' counterclaims in May 2014 [Docket Entry 11].[1] The Bertea Defendants filed an Amended Answer with counterclaims on June 11, 2014 [Docket Entry 12]. The Court granted Plaintiff's motion to dismiss the Bertea Defendants' amended counterclaims with prejudice on November 10, 2014 [Docket Entry 19]. The Court denied Plaintiff's motion to remand the action to state court as an uncontested foreclosure on December 3, 2014, and the parties were instructed at this time to "proceed with the litigation." [Docket Entry 22].

It appears that the Bertea Defendants stopped participating in the case sometime in late 2014. The Court granted a motion by the Bertea Defendants' attorney to withdraw from the representation in late December 2014, given that the Bertea Defendants had ceased paying and had not cooperated with the attorney's efforts to comply with discovery obligations [Docket Entry 24]. The Bertea Defendants have not complied with this Court's Scheduling Order setting

---

[1] Federal jurisdiction in this action rests upon complete diversity. Plaintiff is a citizen of Maryland, the Bertea Defendants are citizens of New Jersey, and co-Defendant Option One Mortgage Corporation is a California citizen. The amount in controversy exceeds the jurisdictional minimum. For reasons discussed in this Court's first Opinion in this case [Docket Entry 11], removal appears to have been defective, but those defects were not jurisdictional and the other parties did not seek to remand.

2

an end date for discovery on March 31, 2015 [Docket Entry 23], and did not respond to Plaintiff's discovery requests of May 16, 2014.  (McDonald Cert. ¶ 5, Ex. C.)  Furthermore, the Bertea Defendants failed to appear at the request of Magistrate Judge Waldor on February 26, 2015 [Docket Entry 25], and also failed to appear at the show cause hearing ordered for April 13, 2015.  (SUF ¶ 20.)  On August 19, 2015, the Court granted Plaintiff's unopposed motion to strike the Bertea Defendants' affirmative defenses, with prejudice, but denied Plaintiff's motion to remand the action to New Jersey Superior Court, seeing as this Court retains diversity jurisdiction over this matter [Docket Entry 31].

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)

3

(quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring the nonmoving party to "set out specific facts showing a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

4

### III. ANALYSIS

The Court first notes that the Bertea Defendants did not submit any opposition to this motion for summary judgment. Thus, the Court will accept as undisputed the material facts put forth by Plaintiff in its Statement of Undisputed Facts [Docket Entry 36-5]. *See* Local Civil Rule 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."). The Bertea Defendants' lack of opposition does not necessarily indicate that the motion will be granted, however, as the Court must assess whether the summary judgment motion has been properly made and supported, and if granting summary judgment is "appropriate." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *Robbins v. U.S. Foodservice*, No. 11-cv-4599, 2012 WL 3781258, at *3 (D.N.J. Aug. 30, 2012).

A mortgagee establishes a *prima facie* right to foreclosure when there is proof of execution, recording, and non-payment of the mortgage. *Thorpe v. Floremoore Corp.*, 20 N.J. Super. 34, 37 (N.J. Super. Ct. App. Div. 1952). The mortgagee holds the right to insist upon timely payment, as one of the obligations contractually owed to it. *See, e.g.*, *Kaminski v. London Pub, Inc.*, 123 N.J. Super. 112, 116 (N.J. Super. Ct. App. Div. 1973). The only material issues in a foreclosure proceeding are: (1) the validity of the mortgage; (2) how much debt exists; and (3) the mortgagee's right to resort to the mortgaged premises. *See Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 394 (N.J. Super. Ct. Ch. Div. 1993), *aff'd*, 273 N.J. Super. 542 (N.J. Super. Ct. App. Div. 1994); *Cent. Penn Nat'l Bank v. Stonebridge, Ltd.*, 185 N.J. Super. 289, 302 (N.J. Super. Ct. App. Div. 1982); *Thorpe*, 20 N.J. Super at 37. Furthermore, a mortgagor who opposes summary judgment has a duty to present facts to controvert a mortgagee's *prima facie* case. *Spiotta v. William H. Wilson, Inc.*, 72 N.J. Super. 572, 581 (N.J. Super. Ct. App. Div. 1962),

*certif. denied*, 37 N.J. 229 (1962).

Plaintiff has offered evidence of the promissory note and mortgage executed by the Bertea Defendants on December 22, 2006, for the Cresskill property [Docket Entry 36 Exs. A, B]. This mortgage was recorded on January 2, 2007 [Docket Entry 36 Ex. B]. Plaintiff also offers evidence of the assignments of the promissory note and mortgage, first to Option One Mortgage Corporation, and then to Plaintiff [Docket Entry 36 Exs. C-D]. Finally, Plaintiff's certification states that the Bertea Defendants defaulted on February 1, 2007, and that the Bertea Defendants remain in default. (Ortwerth Cert. ¶¶ 8-9.)

The Bertea Defendants, who have not opposed this motion, have necessarily not offered evidence sufficient to establish a dispute over any material facts related to this case. They do not deny that Tudor Bertea signed the promissory note and that the Bertea Defendants signed the mortgage, or that they are in default. Plaintiff correctly notes that this Court has struck all of Defendants' affirmative defenses and counterclaims, with prejudice [Docket Entries 20, 23, 31]. Given that the Bertea Defendants have not offered evidence to dispute the material facts in Plaintiff's Complaint, the evidence that Plaintiff has met the requirements for a judgment of foreclosure is undisputed. Because Plaintiff has shown that it is entitled to a judgment of foreclosure as a matter of law, this Court will grant summary judgment to Plaintiff.

As this Court has noted on several occasions [Docket Entries 22, 31], it does not have the power to remand this case to a New Jersey state court, because there is no basis for concluding that this Court now lacks subject matter jurisdiction over the case. Federal jurisdiction in this case rests upon the complete diversity of the parties: Plaintiff is a citizen of Maryland, the Bertea Defendants are New Jersey citizens, and co-Defendant Option One Mortgage Corporation is a

citizen of California.  Given that the amount in controversy exceeds the jurisdictional minimum, Plaintiff must proceed in this forum.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for summary judgment as to Defendants Tudor Bertea and Liliana Bertea, but will deny Plaintiff leave to pursue the matter as an uncontested foreclosure in New Jersey state court.  An appropriate Order will be filed herewith.

      s/ Stanley R. Chesler  
      STANLEY R. CHESLER  
      United States District Judge

Dated:  March 28, 2016